IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:11-cv-03021-RBJ

| | |
|---|---|
| REGINA FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMREST d/b/a APPLEBEE'S, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

The Parties, Regina Farmer, Plaintiff, and AmRest, LLC (hereinafter, "AmRest"), Defendant, by and through their respective counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information. The Parties therefore jointly request the Court to enter the following Protective Order for the purpose of preventing disclosure and use of Confidential Information, except as set forth herein.

1. The term "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner set forth herein as Confidential on the basis that it contains: (1) social security numbers; (2) the name of an individual known to be a minor; (3) financial account numbers; (4) medical information; (5) information that is not known to the public respecting the business of AmRest, LLC or any of its subsidiaries and/or parent companies, such as non-public information relating to research and development, customers, suppliers, business plans, and strategies, to the extent such information complies with the restrictions of D.C.COLO.L.Civ.R 7.2; or (6) trade secrets (*i.e.*, information, including a formula, pattern, compilation, program, device, method, technique, or process, that derives independent economic value, actual or potential, from not being generally known to or readily ascertainable through appropriate means by other persons who might obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy).

2. Information designated "Confidential Information" may be disclosed only to the following persons:

    a. The Court and its officers, any court reporters who transcribe testimony at hearings, trial, or depositions, and any trial jurors;

b.  Attorneys and persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

c.  Any in-house counsel for the Parties who has responsibility for this litigation;

d.  Plaintiff and any representative of AmRest who provides direct assistance to outside counsel of record or who makes strategic decisions concerning this litigation;

e.  Third-party consultants or experts consulted by outside counsel of record pursuant to the procedure set forth in Paragraph 6;

f.  Anticipated witnesses at deposition or trial who were involved in creating the Confidential Information or who received or reviewed the Confidential Information in the course of their employment, who counsel in good faith determines must review the Confidential Information in order to be prepared to testify truthfully at deposition or trial;

g.  Such representatives of Monitor Liability Managers, LLC as are necessary to evaluate Plaintiff's claims for the purposes of defense strategy and/or settlement;

       h.    Any other person entitled to receive the Confidential Information by Court order or by written stipulation of the parties; and,

       i.    Any other person who counsel of record determines has a legitimate reason to review such information as part of this litigation.

Prior to receiving any Confidential Information, any person within sub-part (d), (e), (f), (g), (h), or (i) must be provided a copy of this Stipulated Protective Order and agree to be bound by its terms by executing a copy of an agreement to that effect substantially in the form of Exhibit A. Counsel obtaining such agreements shall retain them. During the pendency of this action, opposing counsel may, upon court order or agreement of the Parties, inspect a list maintained by counsel of those who have executed such agreements upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

    3.    Information designated "Confidential" may be disclosed only to the persons listed in sub-parts (a) through (i) of Paragraph 3.

    4.    A receiving Party or any person who has agreed to be bound by the Stipulated Protective Order shall maintain all information designated Confidential Information in confidence, and shall use such information solely for purposes of this

litigation or any appeals therefrom.  Confidential Information shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order to receive such material.

5. To designate a document or object as Confidential Information, the designating Party shall affix a label or electronic mark upon the document or object that reads "Confidential Information" or may send a list of documents to opposing counsel which indicates, by bates stamp label or otherwise, the documents to be considered as "Confidential Information."  A Party may correct an inadvertent omission of such a label or designation within thirty (30) days of production by notifying the receiving Party in writing of same.

6. To designate testimony as Confidential Information the designating Party may make a statement on the record at any time during the deposition or testimony.  In addition, even in the absence of a statement on the record, any deposition testimony concerning a document designated Confidential Information shall be deemed Confidential Information.  The court reporter shall separately transcribe any portion of a deposition or testimony so designated and shall mark each such page of the transcript with the word "CONFIDENTIAL."  A Party may also make such a designation within thirty (30) days of receiving a copy of the transcript of such testimony, by stating in writing the pages and line numbers of Confidential Information.  The receiving Party will maintain a copy of such designation together with each copy of the transcript.  During the

interim thirty-day period after receipt of a transcript, the Parties will treat all transcripts as confidential.

    7.    If a Party requires the inclusion of Confidential Information in any pretrial motion filed with the Court, the Party shall: (a) where practical, such as in the case of personnel information pertaining to third parties, file a coded list containing the true names of third parties and codes or identifiers corresponding to each true name under seal with the Court and in the motion or brief refer to third parties by code or identifier and redact true names from exhibits (e.g., Mary Zimmerman = Ms. A); or, (b) reference in the motion an exhibit containing the Confidential Information and file the exhibit under seal. The Parties further agree to:

    a. Redact confidential Information from exhibits to be filed with the Court where the redacted information is not required by the court to rule on the motion (e.g., Social Security numbers);

    b. File exhibits under seal only when redaction of information from the exhibit would make it difficult or impossible for the Court to understand the significance of the Exhibit; and

    c. Provide proposed redacted exhibits to counsel for the opposing party 72 hours before filing redacted copies with the Court. Counsel for the opposing party may further redact such proposed exhibits, by marking further redaction and returning the further redacted copy to

the filing attorney. Thereafter the filing attorney may either file the further redacted copy as the exhibit or file the exhibit under seal.

8.  The parties intend by adoption of the procedures set forth in paragraph 8, above, to preserve the confidentiality of information, to avoid filing motions under seal and to comply with D.C.Colo. LCivR 7.2. The purpose of the foregoing procedure is to avoid where possible litigating the confidentiality of documents under the procedures described in paragraph 11 below where redacted documents can be used as exhibits.

9.  Any other person joined in this action via counterclaim, cross-claim, or third party claim shall become a "Party" within the meaning of this Protective Order.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating material as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, applicable law shall apply regarding which Party is to bear the burden of establishing whether the disputed information is to be treated as Confidential.

11. A receiving Party is not prohibited from disclosing or using any otherwise Confidential Information if that information:

    a. Constitutes or becomes public knowledge;

    b. Was acquired by the receiving party from a third party having the right to disclose such information; or

12. Nothing in this Stipulated Protective Order is intended to or shall be deemed to restrict or limit a Party's use or disclosure of its own Confidential Information.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Outside counsel of record and each individual who executes Exhibit A shall ensure that all materials designated Confidential Information are maintained in such a manner as to prevent disclosure except in accordance with the terms of this Stipulated Protective Order.

15. Within thirty (30) days after the conclusion of trial and appeal or any other termination of this litigation, all Confidential Information in paper form shall be returned to the designating Party's lead counsel or destroyed by. Counsel recognize their obligations to use their best efforts to supervise the destruction of confidential information at the conclusion of the litigation and recognize that to the extent that Confidential Information remains available to Counsel in electronic form or otherwise, it should not be transmitted, reproduced or disclosed to third parties.

16.     In the event a person bound by this Protective Order is subpoenaed or served with legal process by a third party to produce or otherwise disclose another Party's Confidential Information, that person shall give prompt written notice to the designating Party, which to the extent possible shall give the designating Party enough time to object to the subpoena or legal process before production is required.

17.     The terms of this Stipulated Protective Order shall survive the final disposition of this litigation.  The Court shall retain jurisdiction to construe, enforce, or amend the provisions of this Stipulated Protective Order.

18.     This Stipulated Protective Order may be modified in writing by Court order or by agreement of the Parties.  The Parties are entitled to seek modification of this Stipulated Protective Order by motion.

19.     This Protective Order is not intended to affect the trial of the action. A Party seeking to maintain the confidentiality of any information or document at trial must move for appropriate relief before trial.

IT IS SO ORDERED this 6th day of August, 2012.

*Brooke Jackson*

                              R. Brooke Jackson
                              United States District Judge

- 10 -

APPROVED BY:

| | |
|---|---|
| *s/ Donna Dell'Olio* | *s/ Alisa P. Cleek* |
| Donna Dell'Olio | Alisa P. Cleek |
| Cornish & Dell'Olio | John D. Bennett |
| 431 N. Cascade Ave., Ste. 1 | Elarbee, Thompson, Sapp & Wilson LLP |
| Colorado Springs, CO 80903 | 800 International Tower |
| Tel: 719-475-1204 | 229 Peachtree Street, NE |
| ddellolio@cornishandddellolio.com | Atlanta, Georgia 30303 |
| | Tel: 404.582.8446 |
| **Attorney for Plaintiff** | cleek@elarbeethompson.com |
| | bennett@elarbeethompson.com |
| | |
| | **Attorneys for Defendant** |

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:11-cv-03021-RBJ

| | |
|---|---|
| REGINA FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMREST d/b/a APPLEBEE'S, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## AGREEMENT TO TERMS OF PROTECTIVE ORDER

I, _____, having reviewed this Stipulated Protective Order entered by the Court, agree to be bound by its terms and to submit to the jurisdiction of the Court for purposes of enforcing this Order.

Dated: _____

_____
(Signature)

_____
(Print or Type Name)